## Burnsworth v. Burnsworth

*Arthur A. Brown,* for libellant.

*Milton D. Margolis,* guardian ad litem, for respondent.

CARR, P. J., May 1, 1946.—This is an action for a divorce a. v. m. in which respondent wife is a minor 17 years of age.

The record discloses that the libel was filed on August 30, 1945, and a subpœna awarded returnable the first Monday of October 1945 (October 1, 1945) ; that on October 1, 1945, libellant presented a petition for the appointment of a guardian for respondent; that on October 2, 1945, the sheriff returned the subpœna non est inventus; that on October 5, 1945, an alias subpœna was awarded returnable the first Monday of November 1945; that on October 18, 1945, the court appointed a guardian ad litem for respondent; that

on December 6, 1945, the sheriff returned the alias subpœna non est inventus; that on December 10, 1945, a pluries subpœna was awarded returnable the second Monday of January 1946; that on January 16, 1946, the sheriff returned the pluries subpœna and a copy of the libel served personally on the guardian ad litem on January 10, 1946; that on January 28, 1946, the guardian ad litem entered his appearance "for the respondent"; and that on January 31, 1946, a master was appointed, who gave notice of the hearing to respondent's guardian and proceeded to take the testimony. The master has now filed his report recommending a decree in favor of libellant.

Pa. R. C. P. 2026-2050 provides that an action in which a minor is the defendant shall be commenced against the minor by name in the manner in which a like action is commenced against an adult, and that the original process shall be served upon the minor in the manner prescribed for the service of like process upon an adult defendant. Though libellant's action was properly commenced, there has been no service of any process upon respondent, and therefore we are without jurisdiction of the cause. Counsel for libellant has apparently assumed that it was only necessary to serve the guardian, but that is a mistake; The Divorce Law of May 2, 1929, P. L. 1237, sec. 27, 23 PS §27, requires that where respondent is a minor there shall be personal service upon the minor as well as upon his or her guardian: Thomas v. Thomas, 46 D. & C. 319. Not only is service upon minor respondent mandatory, but the appointment of a guardian is unauthorized until after service has been made. Moreover, the rules of this court expressly require that notice of the time and place fixed for the master's hearing shall be given to respondent, and of course such notice must also be given to the guardian, since he is to represent the

minor and to supervise and control the conduct of the action in behalf of the minor: Stoops v. Stoops, 49 D. & C. 247.

It should be observed that a guardian appointed to represent a minor is a fiduciary, and not a mere nominal party to the cause. It is his duty to examine the record as to the formal sufficiency and regularity of the proceedings and the jurisdiction of the court, and to make defense to the action if the minor has a defense. It goes without saying that he should communicate with respondent if possible, and that in any case he should attend the master's hearing and cross-examine libellant's witnesses to see, himself, that libellant is in fact the injured and innocent spouse. Manifestly, however, a guardian, though qualified to enter an appearance for himself, may not enter an appearance for the minor; nor, since a minor is incompetent to employ an attorney, may a minor cause an appearance to be entered for himself: Goodrich-Amram, sec. 2029(a)-1.

It seems that libellant's case has merit, and therefore we will not dismiss it; but as neither a guardian nor a master should have been appointed until the subpœna was returned properly served, their appointments will have to be revoked and the proceedings before the master set aside.

## Order

And now, May 1, 1946, upon consideration of the foregoing case, the appointment of the guardian made on October 18, 1945, is revoked, the appointment of the master made on January 31, 1946, is revoked, and his report and all proceedings before him set aside; and libellant is given leave to proceed de novo upon the libel by moving for an order of publication, or, if personal service can be made, for a pluries subpœna.